*By the Court :
' The Supreme Court of this state decided, in the case of M’Cullock’s heirs v. Rodrick, that the assignment of an insolvent’s effects, under the laws of Pennsylvania, did not vest the trustees or assignees with the legal title to lands in Ohio. We are entirely satisfied with that decision. In order to give effect to such an assignment, where lands situate in a different state are included, the insolvent should be held to make a formal deed of conveyance to the trustees. If this is not done, no title passes.
The bill here assumes that the assignment created an equity in the complainants, which a court of chancery should enforce. But we can perceive no principle upon which this doctrine can be safely founded.
It is a well-settled doctrine that a commission of bankruptcy vests in the trustees the personalties, whether situate within the jurisdiction that grants the commission or not. 4 Johns. Ch. 460. It seems to be equally well understood that these commissions do not affect real property out of the jurisdiction where they issued. It is so adjudged in the House of Lords, in 1814. 2 Dow. 230. And this doctrine stands upon the clear principle that real estate in every country can only be affected or transferred according to the municipal law. As, in this case, no title passed at law, we do not see any principle upon which an equity can be created to be enforced here. The bill must be dismissed.