JOHN A. HUTCHESON and others *vs.* JOHN S. PESHINE and others.

An insolvent debtor having been arrested in Virginia, and being in custody by virtue of a *capias ad satisfaciendum*, petitioned for his discharge under the insolvent laws of that state, and having taken the oath of insolvency, and tendered and subscribed a schedule of all his property, real and personal, did further, in pursuance of the requirements of the insolvent laws of said state, and in order to his discharge as an insolvent, execute and deliver to the sheriff, by whom he was held in custody, a deed for certain real estate in New Jersey, described in said schedule. Upon a bill filed in this court to compel the execution of the trusts upon which the said deed was executed, *Held*—

1. That a general assignment by a debtor, of all his real and personal property, under the insolvent laws of Virginia or of any other state, can pass no title to real estate in New Jersey.

2. The deed to the sheriff, though absolute upon its face, was merely *ancillary* to the general assignment, burdened with the same trusts, and designed to carry the assignment into effect. Independent of those trusts, and of the provisions of the statutes of insolvency, the deed is without consideration and void.

3. The deed is not merely fraudulent as against subsequent creditors, but it is illegal and inoperative as a transfer of title to real estate, and the trusts under it will neither be recognized nor executed by the courts of this state.

4. This court will not administer trust funds created under the laws of another state, and growing out of the sale of real estate situate in New Jersey, in direct conflict with the laws of this state, to the prejudice of creditors residing here.

The bill charges that John S. Peshine, one of the defendants, having been arrested upon a *capias ad satisfaciendum*, issued out of the Circuit Court of Henrico county, Virginia, upon a judgment recovered by Elisha Shipperson, for $10,000, and being in custody by virtue of the said writ, on the twenty-fourth of March, 1860, in pursuance of the provision of certain statutes of the state of Virginia, set out in the complainant's bill, petitioned for his discharge under the insolvent laws of that state, and having taken the oath of insolvency, and tendered and subscribed a schedule of all his

property, real and personal, (as required by law), did further, in pursuance of the requirements of the said insolvent laws, and in order to his discharge as an insolvent, execute and deliver to John A. Hutcheson, the sheriff by whom he was held in custody, a deed for certain real estate in New Jersey, described in the said schedule of his real and personal estate.

The bill further charges, that the deed thus made by Peshine to Hutcheson was executed, acknowledged and recorded in the clerk's office of the county of Essex, according to the laws of this state, and that by virtue of the laws of Virginia, and by force and effect of the said deed, the said Hutcheson became seized of the lands and premises thereby conveyed, subject to legal prior encumbrances, in trust to sell and dispose of the same, or of so much thereof as may be necessary, and to apply the proceeds, after satisfying what may be found due upon such prior encumbrances, to the payment of the judgment recovered by Shipperson, upon which the writ of *capias ad satisfaciendum* was issued, and to refund to Peshine any surplus of said proceeds which may thereafter remain. That by the judicial construction given by the laws of Virginia to the statutes under which the said deed was executed, the sheriff, by virtue of the said conveyance, became the trustee of the premises thereby conveyed for the creditor at whose suit the debtor was imprisoned, and that in the execution of the said trust, he is subject to the general principles of equity applicable to trusts of that nature. That the said deed, though an absolute conveyance in fee simple, is in the nature of a mortgage to Hutcheson, in trust to secure the payment of the judgment recovered by Shipperson against Peshine, and that the complainant is therefore entitled, as mortgagee, to have the premises sold under the direction of this court, the amount due upon the prior encumbrances ascertained and paid, and the balance appropriated in pursuance of the trusts under which the conveyance was made.

The bill prays for relief accordingly, and that a receiver may be appointed to collect the rents of the premises, and apply the same to the satisfaction of the encumbrances.

To this bill, the defendants, Peshine and wife, and several of the creditors of Peshine, who are prior encumbrancers, demur.

*Frelinghuysen,* for the defendants, in support of the demurrer.

1. The deed to Hutcheson is void under our assignment law. It is an assignment giving preference to some creditors in exclusion of others. *Varnum* v. *Camp,* 1 *Green* 326.

2. A deed given by an insolvent under the laws of one state for land lying in another, is void. *Burrill on Assignments,* 335–6, *chap.* 30; *Osborn* v. *Adams,* 18 *Pick.* 245; *Lessee of McCullough's heirs* v. *Roderick,* 2 *Hammond (Ohio)* 380; *Rogers* v. *Allen,* 3 *Ibid.* 488. The reason is that laws of one state should not control property in another.

3. As against prior encumbrancers, Hutcheson is bound to redeem. He can not ask a forced sale. He stands in no better position than mortgagor.

4. If complainant stands in better position than mortgagor, it must be by virtue of the law of Virginia, which this court will not recognize. 7 *Johns. Ch. R.* 140.

*C. Parker,* for the complainants, contra.

I. Will the deed pass the lands?

Why should it not? It is similar to deed of insolvent under our law.

1. It is formal. 2. It had good consideration. 3. There was no duress; the imprisonment was lawful. *Bouvier's Law Dict., "Duress."*

To be contrary to our act, the assignment must be general of all property to pay all creditors, but creating preferences.

The act expressly permits preference of *judgment* creditors. Here a judgment creditor only is preferred.

We admit the trust, and seek the aid of the court in order to its discharge.

If valid without the law, is it weakened because the law authorizes it?

The cases of *Frazier* v. *Fredericks,* 4 *Zab.* 162, and *Varnum* v. *Camp,* 1 *Green* 326, settle the law of this case.

II. Are the complainants entitled to the relief prayed for ?

The bill charges that this is a mortgage in *trust* to pay debt. We are entitled not simply to the redemption, but also to foreclosure and to marshaling of assets.

*Mr. Parker* also cited *Holmes* v. *Remsen,* 4 *Johns. Ch. R.* 483; *S. C.* 20 *Johns. R.* 266; *Selkrig* v. *Davies & Salt,* 2 *Dow* 230; *Bank of Scotland* v. *Cuthbert,* 1 *Rose* 462; *Plestoro* v. *Abraham,* 1 *Paige* 237 ; *Byrne* v. *Walker,* 7 *Serg. & R.* 483; *Story's Conflict of Laws* (4th ed., 1852,) § 411–18, note to page 685.

*Mr. Frelinghuysen,* in reply.

The encumbrancers have a right to demur. They have a standing in this court to insist that the title of the complainant is invalid.

An examination of the deed shows that it is *not* an assignment of specific property to pay a specific debt. The case of *Frazier* v. *Fredericks,* therefore, does not apply.

THE CHANCELLOR. It is clear that a general assignment by a debtor of all his property, real and personal, under the insolvent laws of Virginia or of any other state, can pass no title to real estate in New Jersey. The point has been more than once expressly adjudicated. *Lessee of McCullough's heirs* v. *Roderick,* 2 *Hammond* 380; *Rogers* v. *Allen,* 3 *Ohio* 488; *Osborn* v. *Adams,* 18 *Pick.* 247.

The rule rests not only upon the acknowledged principle of law applicable to all assignments, voluntary as well as legal, that the title and disposition of real estate are exclusively subject to the laws of the country where it is situated, which alone can prescribe the mode by which title to it can pass ; but upon the further reason, that the laws of one state will not be permitted to control the trust, the action of the trustee, and the disposition of the trust property in another, the subject of the trust being real estate.

This principle appears to be recognized by the statutes of Virginia under which the conveyance was made. They provide that the debtor shall, previous to his discharge from imprisonment, in addition to the general assignment for the benefit of the execution creditors, make a conveyance to the sheriff of all his real estate not within the state of Virginia, upon the same trusts as those created upon the general assignment.

It is under a deed thus executed, and which the bill alleges is made, acknowledged, and recorded, in conformity with the laws of this state, that the complainant asks relief. So far as the formalities of execution are concerned, it will be assumed for the purposes of the present inquiry, that the deed is a valid instrument. It is nevertheless apparent upon its face, that the deed in question is not a *voluntary* conveyance. It was executed by a debtor under arrest to the officer in whose custody he was detained, in order to obtain his discharge under the insolvent laws of Virginia. The execution of the deed was by those laws a prerequisite to his obtaining his discharge. It is merely ancillary to the general assignment, burdened with the same trusts and designed to carry the assignment into effect. Independent of those trusts and of the provisions of the statutes of insolvency, the deed is without consideration and void as against the grantor. It is not pretended that there is any other consideration for the conveyance. The sheriff to whom the conveyance was made, was not a creditor of the grantor, but a mere trustee.

Then will this court lend its aid to carry those trusts into effect? It is impossible to distinguish the case from that of an assignment under the insolvent laws of another state. The deed was executed for the purpose of carrying the trusts of the assignment into effect, and in compliance with the requirements of the statute. In *Osborn* v. *Adams*, 18 *Pick.* 248, the Supreme Court of Massachusetts say: "We can take no notice of a trust created by proceedings under the statute of the state of Connecticut; we can no more take notice of a

trust created under a foreign government, than we can of a will not proved nor recorded in this commonwealth."

This court, therefore, cannot recognize the trusts thus created for the purpose of carrying them into effect.

But aside from this difficulty, admitting that this court might recognize the trusts thus created, it is obvious that the trusts created under this assignment, are in direct conflict with the policy and with the express provisions of our laws. Our statute requires that every conveyance or assignment made by a debtor of his real or personal estate, in trust for his creditors, shall be made for their equal benefit in proportion to their several demands. The deed in question is made in trust for the payment of the execution creditors only, and then in trust for the debtor himself. It not only gives a preference to the execution creditors in Virginia, but utterly excludes others from all participation in the trust funds. It surely cannot be required that this court should administer trust funds growing out of the sale of real estate situated in this state, in direct conflict with our laws, to the prejudice of creditors residing here.

It is urged that the objection to the validity of the assignment does not lie in the mouth of the assignor, nor of creditors having liens prior to the assignment, and can only proceed from some creditor who is prejudiced by the assignment. This is not so. The objection is not merely that the assignment is fraudulent as against subsequent creditors, but that it is illegal and inoperative as a transfer of real estate, and that the trusts under it will neither be recognized nor executed by the courts of this state.

In *Rogers* v. *Allen*, 3 *Hammond* 485, already referred to, in taking the benefit of the insolvent laws of Pennsylvania, Allen had made an assignment of all his real and personal estate, including a tract in the state of Ohio, for the benefit of his creditors. The trustees made sale of the lands, and the purchaser went into possession. Allen, the assignor, brought an action of ejectment, and recovered. A bill in equity was thereupon filed by the trustees setting out the

Hutcheson et als. *v.* Peshine et als.

facts, alleging that the other property assigned was insufficient to pay the debts of Allen, and praying a decree to sell the land for the benefit of the creditors. The demurrer was sustained and the bill dismissed. The court say, as no title passed by the deed, we do not see any principle upon which any equity can be created to be enforced here.

This case is in no wise affected by the principle of the decision in *Frazier* v. *Fredericks*, 4 *Zab.* 162. That was a voluntary assignment of personal property, and governed by principles entirely distinct from those which control the present inquiry.

The bill must be dismissed.

NOTE. The reporter is indebted to Joseph P. Bradley, Esq., for a copy of the opinion in this case, delivered May Term, 1861, but as yet unpublished. Its importance, it is believed, will be found to justify its publication at this time.